**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SAMUEL SMITH,** | ) | **CASE NO. 1:19 CV 2727** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **DR. KIM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Samuel Smith brings this action pursuant to 42 U.S.C. § 1983 against defendants Dr. Kim, Purdue Pharma, Endo Health Solutions, Tevia Pharmaceuticals, Pfizer, Merck Pharmaceutical, and Allegheny Pharmaceuticals (collectively "Defendants"). (Doc. #: 1).

In his lengthy Complaint, Smith states that he is addicted to opioids and was deceived regarding the addictive nature of the opioids he was prescribed by defendant Dr. Kim and supplied by Defendants. Plaintiff claims that he, not the State of Ohio which sued the pharmaceutical companies, is a true victim of the opioid addiction crisis in Ohio. But Smith complains that the true victims, including himself, have been forgotten in the settlement reached between the State of Ohio and the pharmaceutical companies and, in violation of the Fifth and Fourteenth Amendments of the U.S. Constitution, have received no compensation. (*See id*. at 11-13, 16). Smith asks this Court to reconsider its rulings regarding the State of Ohio

settlement and include him in the settlement to compensate the real victims of the "assault" by doctors and the pharmaceutical companies on human kind. (*See id*. at 15, 16, 18, 21).

Also before the Court is Plaintiff's motion to proceed *in forma pauperis* (see Doc. #: 2, 4), which is granted. Plaintiff's motion for appointment of counsel (Doc. #: 5) is denied.

For the reasons that follow, this case is dismissed.

### A. Standard of Review

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

### B. Analysis

Plaintiff identifies the basis for this Court's jurisdiction as a federal question pursuant to 28 U.S.C. § 1331. (*See* Doc. #: 1-1). Plaintiff alleges a violation of his constitutional rights and, in the spirit of liberal construction, the Court construes this action as brought pursuant to 42 U.S.C. § 1983.

Section 1983 provides a remedy for the deprivation of an individual's federal statutory or constitutional rights by persons acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Defendants are private parties and Smith does not allege that they acted under color of state law. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

There are certain circumstances under which private parties may become state actors for purposes of § 1983.

> [The Sixth Circuit] recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state.... The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Id*. at 591 (quoting *Ellison v. Garbarino*), 48 F.3d 192, 195 (6th Cir. 1995)).

But there are no allegations in the Complaint from which this Court may reasonably infer that any alleged conduct attributed to Defendants satisfies one or more of the above-described tests necessary to render their conduct fairly attributable to the State of Ohio. Accordingly, Plaintiff fails to state a plausible § 1983 claim against Defendants and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that Plaintiff may be asserting

state law claims against Defendants, having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over those claims and they are dismissed pursuant to 28 U.S.C. § 1367(c).[1]

### C. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff's motion to proceed *in forma pauperis* (see Doc. #: 2, 4) is granted. Plaintiff's motion for appointment of counsel (Doc. #: 5) is moot and denied as such.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

    s/*Dan Aaron Polster* 3/10/2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] It is Plaintiff's burden to establish subject matter jurisdiction, and he has not alleged facts from which the Court may reasonably infer that it has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.